Number 21 7003 process and industrial developments limited versus Federal Republic of Nigeria and Ministry of Petroleum Resources of the Federal Republic of Nigeria the balance. Mr. Major for the appellants Mr. Clayson for the appellate. Mr. Majan good morning. Morning your honors. Chris Major for the appellants. May it please the court. Nigeria did not impliedly waive its Foreign Sovereign Immunities Act by signing the New York Convention and then subsequently agreeing to arbitrate against PNID in England under Nigerian procedural and substantive law. As this court has held in case after case the implied waiver exception under the FISA must be narrowly construed. Finding implied waiver requires unmistakable evidence that the sovereign intended to waive immunity under the acts that are alleged to be the implied waiver. Earlier this year this court in the Ivanenko case noted that there's only been three circumstances in which this court has found implied waiver of sovereign immunity. Number one is executing a contract containing a U.S. choice of law provision. Number two is filing a response of pleading in a U.S. court without asserting the sovereign immunity defense and number three is agreeing to submit a dispute to arbitration in the United States. In all three of those circumstances there's either contact with the United States or submission to U.S. law. Critically none of those circumstances apply in this case. The gas supply and processing agreement at issue in the arbitration was for a project in Nigeria. The agreement was governed and construed in accordance with Nigerian substantive law. The parties agreed to arbitration under the Nigerian arbitration and conciliation act and the venue of the arbitration was London, England. There was nothing mentioned in the agreement about the U.S. and certainly nothing about sovereign immunity. Well, the convention and the legislation you're enacting in deposit of law into the United States code here talk about the power of courts to order arbitration to enforce the agreement to arbitrate not just the awards here but up front um order arbitration. How could they do that if the parties were not waiving their sovereign immunity to be subject to such order and authority? Yes, your honor, and the pre-FISA cases that dealt with the arbitrage with with implied waiver and arbitration all dealt with the circumstance of arbitrations taking place in the United States and the logic was how can you have arbitration in the United States as the sovereign had agreed if you can't go to U.S. court and enforce the arbitration agreement and require the sovereign to actually fulfill its agreed specifically agreed obligation to arbitrate in the U.S. However, the New York Convention does not talk about any actions against states. The language in the convention is very clear. I'm sorry, do you agree that had they arbitrated had the arbitration been here in the United States? I want to make sure I understood your answer. Had the arbitration been here in the United States then sovereign immunity would be waived by virtue of the fact that they arbitrated here in the United States. Your honor, under this court's precedent the court has found foreign sovereigns have waived their sovereign immunity impliedly by agreeing to and ultimately arbitrating in the U.S. which of course Nigeria did not do in this case. Okay, but then isn't the whole point of the New York Convention is to make all the signatory countries like one big country if you're in any of them? It's the same as if you're in one of them for these purposes and so if you're in the New York Convention world and you're arbitrating in the New York Convention world you are subject to enforcement. You waive sovereign immunity from enforcement either of the agreement to arbitrate or the award in this New York Convention world. Your honor, the New York Convention contains one core obligation by each of the signatory states and that's that in their courts they will enforce arbitral awards that are entered in the countries that are also signatories. So the obligation is not that they're submitting themselves as states to the jurisdiction of the other. You said they are if they are arbitrating you in the country itself. I thought you said there is a waiver of sovereign immunity. It's no more explicit as implicit if they arbitrate in if the courts in the place of arbitration are the same country. Your honor, historically before the arbitration. Do you agree that that's a proper reading that that was a way I don't want a history lesson here I just want a legal answer. Do you agree that had they arbitrated in the United States they would have been sent that there would have been an implicit waiver of sovereign immunity? Your honor, I agree that that would be the case before the FISA was amended to input a specific. Yeah we're in a world now where FISA is here so but when they arbitrate today right now with this arbitration had it occurred in the United States would there have been a way implicit waiver of sovereign immunity? Your honor, I think under current law with the arbitration exception which was enacted in the late 1980s it would not but historically this court's precedent was that an arbitration in the United States would be enforceable under the implied waiver but Congress amended the FISA in the late 1980s to add an arbitration with the state should be pursuing a waiver argument under the arbitration exception not the implied waiver exception. The core obligation is the arbitration exception exception incorporates expressly the implied waiver provision as well at the very end correct? As one of the conditions one of four potential conditions that you have to meet to satisfy the arbitration exception but you can satisfy the arbitration exception without establishing an implied waiver. I get that but if it would have if it was there was an implied waiver before Congress wasn't taking that away. Correct as an extra condition on the arbitration exception. Your honor, so there's one core obligation for each of the states under the New York Convention and that is to accept in their courts cases enforcing foreign arbitral awards. Those cases though and this is article one of the of the convention is very specific. It's for our foreign arbitration awards arising out of differences between persons whether physical or legal. The word states is used in the New York Convention to describe the signatories. What this article one when it talks about the scope of the convention is dealing with private litigants whether they be persons or entities and we know from law that states are not treated as persons. For example the due process body of law in the United States. The convention made no attempt to submit the states who were signing and agreeing that their courts would enforce foreign arbitral awards that those states were waiving their own sovereign immunity. And of course there's nothing in the convention itself about sovereign immunity and I think this court's recent holding in the Ivanenko case is instructive on that point. There there was a treaty between the U.S. and the Ukraine. The treaty provided for only for the parties to which were the states to entertain civil suits in their own courts and that's what the New York It's not a waiver of sovereign immunity. I think that in terms of the fact that Congress has enacted the arbitration exception is further evidence that the court should not expand the scope of where it's gone in terms of finding an implied waiver which again requires some level of connection to the United States whether that be a suit in the United States where the sovereign answers without asserting sovereign immunity or agrees actually to arbitrate in the United States or submits itself. I don't know where that gets you because then you just lose under the arbitration exception. Your honor I don't think we lose under the arbitration exception in this case because there is no foreign arbitral award to enforce because it was vacated. Well we have precedent treating arguments like that it's been set aside or invalid on some other grounds as affirmative defenses. They don't bear on the jurisdiction of the court which is all we're deciding here and all the district court decided here. Your honor sovereign immunity is different as this court held on the first appeal. We've held this in sovereign immunity cases. Your honor on the the Pfizer issue as the Supreme Court held in the Republic of Venezuela case which we cite in our brief sometimes the merits and the Pfizer jurisdictional issues can be intertwined. However sometimes they're not and we have held the Diak-Human case, the Stilix case, we treated the invalidity or asserted invalidity or absence of a via an enforceable arbitration award as an affirmative defense not something that bears on here. Your honor the exception under 1605-6 is to confirm an award and if the ward has been vacated as we contend it has here and there's no award and there's no prerequisite. I'm going to ask you one question because your time's about to run out here. I assume when you say there's it's been set aside you're referring to the order of the Nigerian high court correct? Yes. And that says it is setting aside and or remitting for further consideration all or part of the arbitration award. So how do I know they have set aside rather than remitted and they've set aside all rather than part? How do I know from the face of their order that they've set aside the entire award? Your honor you have to go to the the motion that Nigeria filed on February 24, 2016. That's a record at page 203. There they sought to set aside and in the opening preamble also asked in the alternative. That's not no I should think that we would look at the order of the court itself and if I can't if I can't tell from the order of the court itself what are we supposed to do? Your honor I think you can tell from the order. If I think I can't tell from the order just I'm just answering this question. I understand your argument. I respect that but if if I um were if I couldn't tell hypothetically couldn't tell what it did what would happen then? I would ask the court to look at at page 24 of the record which is the motion where it clearly seeks to set aside without again mentioning remitting which of course means cancel. Makes things worse right? That makes things worse for you because they added words that you weren't asking for so they seem to be doing not what you asked for. Your honor I think it it's a adopting the form of of order that was submitted as proposed but uh I don't think. Did your form order have the word remitting and all or part? Yes your honor and it was in the preamble of the motion. However there was no limiting there was nothing in the order that limits the scope of the vacator. So the I think in reading the motion together with the order the only conclusion is that the entire award was set aside. Even if it even if the court's unsure about which I think the court can become sure on then it's a decision that that the district court would have to reach in order to determine whether or not that order actually set aside the award and the court even if it has to delve into the merits to some degree as the supreme court has held it has to do so and it can do so in determining the FISA even if it decides some merit issues along the way. Does that answer your question Judge Millett? Yes yes. Mr. Clayson. Yes good morning your honors and may it please the court uh for the petitioner appellee um Judge Millett you said it right when you said that the New York convention creates essentially a framework an international framework for enforcement of foreign arbitration awards arising from commercial disputes and so Mr. Major said that Nigeria really only committed to enforcing awards in its own courts but in fact by joining a multilateral treaty like the convention every state that does so agrees to have awards enforced in every or any other convention country including the United States. Well they agree to enforce awards according to their own procedures that's the language of the convention and our procedures I should think would include our principles of sovereign immunity and what it takes to waive sovereign immunity and in this country because of separation of powers from the court's perspective it takes very clear language to have a waiver of sovereign immunity. Do you know whether the United States government agrees with your reading of the convention has does the United States agree that its sovereign immunity has been waived if for example someone tried went to Afghanistan and tried to enforce an award against the United States there? Judge I do not know uh the U.S. position the U.S. government's position I would say that of course a prior panel of this court in Tatneft applied this exact analysis. Yeah that was not a published decision and um I mean it's a fair view to preference it of course but I'm concerned I think your position the waiver theory here as opposed to the arbitration theory the waiver theory here would definitely implicate as a matter of circuit precedent that the United States itself implicitly waived its sovereign immunity and we at least in the past have generally required a lot more clarity for the United States to subject itself to the jurisdiction of 167 other countries around the world. I'm just worried about this very big step that we're taking but if the government has already signed off on that reading then I don't have to worry about that. I'd say a few things in response to that first of all that while the Tatneft case was uh unpublished uh there was a petition for rehearing en banc and also a cert petition you know both of which were rejected um so there may have been opportunities for the U.S. government to uh respond to that but in any event to address your specific question I would say two things first of all the waiver uh it is true that this theory could another court in another country could apply the same rationale that we are asking uh your honors to apply here of course it's not merely the agreement to sign up to the New York convention it is then the subsequent agreement to arbitrate a particular dispute so it is the combination of those two things and so if the United States uh as a signatory to the New York convention then agreed to arbitrate a commercial dispute uh then uh by the same rationale indeed they you know if another court applied the same rationale uh then they would have waived immunity that does not mean of course that the award would actually be enforced and that really goes to the heart of of the issue here which is that the jurisdictional question as to whether the court has jurisdiction to decide whether an award should or should not be enforced that is separate from the question whether the award should or should not be enforced and so in your hypothetical gentleman that the United States would presumably have various arguments under excuse me article 5 of the New York convention as to why a particular award should not be enforced but your your position is that's not a that's not a jurisdictional inquiry the the existence of a legitimate award um is not a jurisdictional inquiry that's correct and so someone could go into a court in the Russian Federation and they pull out on a piece of paper written in crayon and it has some little stamp on it they say here's our certified arbitration award against the United States government um enforce it please and the United States would be subject have to subject itself to jurisdiction and litigation in that court over the legit and then litigate and maybe have discovery before it could hopefully extricate itself or maybe not from that judgment I just if the United States government if the political branches have agreed to do that then it's not for me to question I'm just concerned about this this notion that you don't look beyond sort of the face of this piece of paper that purports to be an award until you've until you've exercised jurisdiction and then they can be drawn through discovery and all kinds of other proceedings before there's actual decision on the merits right well first of all judge I would say you know I I do not know one way or another what the U.S. government's position is they could also have appeared or sought to intervene in this case and they haven't um and I just don't know what their position would be on the waiver but yes you know you're correct that under this theory uh they would all the United would be subject to the jurisdiction of courts of other convention countries of course under your hypothetical if a Russian court were then to say based on you know what what the U.S. would consider an invalid award um and the Russian courts decided to enforce it you know there's still the question uh whether the United States would actually end up paying the award first of all because they might choose not to uh and if there were assets in Russia belonging to the United States I don't know that there are uh but if there are there would be immunity from execution as well uh as to particular assets so it by no means uh means that it's that that you know decision to uh waive immunity the implied waiver uh would result in for example the seizure of U.S. government assets if the um just do a hypothetical because I know there's litigation about this issue but if you have an uh uh an arbitration award um and then two weeks later it's set aside by shall we say like the same arbitrators or it's an arbitration appellate panel of some sort um but in the same jurisdiction everyone's a signatory to convention and so it's set aside in sort of like a New York minute right this award doesn't last very long at all um is it your position that someone the person who had that original award which is on it clearly as a matter of public record been thrown out completely could still go and take that award into a court here in the United States and say please enforce it and when uh that foreign country comes in and says what are you doing France comes in and says what are you doing that thing was set aside the district court would have to go I can't look at that you know they came in they showed me an arbitration agreement a treaty and an award that's got a stamp on it and you're going to have to go through subject yourself to our jurisdiction and go through litigation before I can address the status of the existence of a valid arbitration award well you're on a jurisdictional that's not a jurisdictional fact right it's not jurisdictional but I would take issue with your characterization of uh the award having been thrown out because uh the New York convention expressly contemplates that an arbitration award and in that sense it's different from a court judgment that an arbitration award which is a private dispute resolution mechanism right that that an arbitration award can be enforced and in fact New York convention essentially requires awards to be enforced but that it can be enforced even if it has been set aside and if there has been a lawful set aside in the sense that it was a court with supervisory powers under article 5 of the convention uh then you know that is something the court can consider as part of the merits analysis as to whether the award should be enforced so um in in it is different it's not thrown out there is a court decision uh that cast certainly cast doubt on the jurisdictional analysis and and judge well you you mentioned earlier the the diag human case that was actually um well that was a situation in I think when you started your hypothetical you mentioned that the award had been you know reversed by another arbitral you know panel I think that's what you said and that was exact situation in diag human where there had been an then noted at the end of its judgment that during oral argument a question had been raised as to whether the award was still final because there actually was another arbitral appellate panel which is pretty rare but does happen an arbitral appellate panel that had arguably vacated the award and this court said in that decision that that went to the merits of whether the as for situations where um you know a court might have um uh set aside an award you know this court recognized uh in termo rio that albeit in exceptional circumstances uh an arbitral award can still be confirmed even if it has been set aside at the courts of the seat or uh any other court that you know might be considered to have the supervisory jurisdiction under the terms of new york convention so i see my time is up uh unless there's other questions uh i will uh rest on the on the brace all right mr clason uh mr major why don't you take two minutes thank you your honors while the new york convention may contemplate an enforcement uh proceeding even if there's been a set aside we're talking about the foreign sovereign immunities act and the court in this in the first appeal in this case held that the immunity is from suit it's not immunity from liability so nigeria is entitled to have an upfront ruling on its sovereign immunity one of the threshold questions to the extent the arbitration exception to the visor is going to be argued by p and id is whether or not there's an arbitration award to enforce that's a requirement of the visor regardless of whether that requirement exists in the new york convention which again deals with private party litigants not states like the fiza does so that has to be decided where does the fiza require the existence of a valid arbitration award be determined as a jurisdictional fact where does it say that in fiza in 16056 it says the the arbitration exception is to enforce an agreement or as applicable in this case to confirm an award made pursuant to such an arbitration an agreement to arbitrate uh if the award has been set aside it does not exist just like the judgment under doesn't say that in fiza it just says there has to be an award which is the same thing our precedent has recognized they come in with you have to have i think a certified copy of the award or once you have that then any other questions about its legitimacy can be addressed on a motion to dismiss um the jurisdiction exists you need an agreement a treaty both of which you don't dispute you have here and i think it's called i think the adjective is certified award which there is but your honor an award just like a judgment if once it's been set aside it doesn't exist just because the piece of paper still exists doesn't mean the award itself exists and there has to be an award under the to enforce doesn't say it has to if it's been set aside so i don't think it reads it that same way the convention doesn't address that situation there's nothing in the statute that addresses that the convention is not a sovereign immunity treaty it's it's an agreement to enforce in your courts arbitration awards overseas between private litigants persons uh whether uh human or uh under law which is distinct from states both under the language of the convention and under historical law uh your honor so here without the award there is no arbitration award to trigger that exception and that's a threshold question that has to be decided even if it requires delving into the merits all right thank you counsel madam clerk if you'll give us an adjournment thank you your honors
judges: Henderson, Millett, Walker